*1144 OPINION.
James :
The taxpayer contends that it should be allowed to deduct the entire cost of the improvements set forth in the findings of fact in and for the fiscal year 1919. It alleges that the entire benefit of such changes related to that year, and that due to the imminence of the termination of its lease its payments were either in the nature of insurance or of rent and could not be regarded as capital expenditures.
The contract for the improvements or changes in the property was entered into on May 1, 1919; the work was completed on July 19, 1919; the fiscal year of the taxpayer closed July 31, and its lease terminated on June 30,1920.
Accepting the view of the taxpayer that the payments for the changes in the property were at most rental or insurance, it is apparent that the benefits of such rental or insurance carried at least to the date of termination of the lease. If the payments be regarded as payments for insurance, they manifestly had the result of lowering payments of premiums of insurance not alone for the fiscal year 1919 but including the year 1920 to the termination of its lease as well. It does not appear that the expenditures were required to be made in conformity with provisions of its lease or to the demands of its lessor. The payments can not, therefore, be regarded in any sense as rent or as payments, which, had they not been made, would have resulted in the termination of the lease prior to the date of its expiration.
It appears, however, that the expenditures had a definite relation to the continuance of the business of the taxpayer from the time it determined to make them to the end of its lease. It appears that it definitely committed itself to the expenditures in question on May 1, 1919. It is, therefore, the opinion of the Board that the expenditure of $24,089.88 should be distributed over the period from May 1-, 1919, to June 30,1920.